## MOORE v. WILKINSON et al.

No. 26778.   Dec. 15, 1936.

Rehearing Denied March 2, 1937.

Second Petition for Rehearing Denied March 16, 1937.

A. S. Norvell and Spencer Norvell, for plaintiff in error.

S. A. Wilkinson, for defendant in error Laura M. Wilkinson.

PER CURIAM. The parties will be referred to herein as they were in the trial court.

This is an action on written contract brought by Laura M. Wilkinson against LaMar Whitworth, as principal, and J. Read Moore, as guarantor. The facts we deem important to this decision are, briefly, as follows:

On March 4, 1930, plaintiff, Laura M. Wilkinson, by written contract, agreed to sell to the defendant LaMar Whitworth, an undivided one-half interest in a property then owned by her, for the sum of $2,500, payable $500 in cash, and the balance in three deferred payments of $666.66 each. The contract further provided that certain repairs should be made on the improvements located on said property to fit the property for a boys' camp, each party to bear one-half of the cost of such repairs, and one-half of the cost of advertising said camp. This contract was guaranteed by the defendant J. Read Moore.

The contract provided further that Whitworth should act as general manager of the camp for the 1930 season, for which he was to receive the sum of $500, which sum was not guaranteed by J. Read Moore.

Soon after the execution of the contract, Moore paid Mrs. Wilkinson, on behalf of Whitworth, the sum of $600, of which sum $500 was a payment under the contract, and $100 was to apply on advertising expenses. The camp was opened for the 1930 season, and the defendant Whitworth acted as manager and camp director as provided in the contract.

Nothing further was paid by the defendants under the contract, and on October 16, 1930, plaintiff notified the defendants that unless payment was made under the contract, she would "refuse to recognize the said Whitworth or the said Moore as having any interest in said property, or in said camp, or in the running of said camp."

This action was thereafter filed, asking for damages for breach of contract, and asking for judgment for one-half of the amount expended by plaintiff for advertising and repairs, as provided in the contract. The defendant Whitworth pleaded as a set-off that there was due him under the terms of the contract for acting as camp director the

sum of $460; the defendant Moore filed a general denial.

At the trial below, the court found that there was due the defendants the sum of $608.92 as one-half of the expenses of repairs on the property and one-half of the cost of advertising the camp, and allowed as a set-off the sum of $460 found due Whitworth from the camp. The court further found that the $500 down payment on the contract was adequate damages for the breach thereof, and rendered judgment against the defendants for the sum of $148.92.

Both plaintiff and the defendant Moore appealed from this judgment.

Plaintiff contends that the court erred in finding that the $500 paid on the purchase price of the real estate was "sufficient damages" for the breach of the contract. There is but little evidence in the case as to the value of the property in question, and absolutely no direct testimony as to the value on the date plaintiff elected to consider the contract breached by the defendants.

After considering all of the evidence in the case, we are of the opinion that the trial court was justified in finding that the sum of $500 was sufficient damages for breach of contract. This court has repeatedly held that if there is any evidence to support a finding of fact of the trial court, such finding will not be disturbed.

Plaintiff further contends that the court erred in finding that the $460, claimed by Whitworth as the balance due for services rendered as camp director and manager, should be deducted from the $608.92 found due the plaintiff. In this, we believe the court committed error. The facts in this case clearly show a partnership relation between the plaintiff and the defendant Whitworth, for the operation of the camp. The contract between the parties shows that each partner was to bear one-half of the expense of repairs, advertising and operating the camp, and that each was to receive one-half of the profits from the operation. One partner was employed by the partnership to perform services, for which he was to receive $500, of which said sum $460 was not paid by the partnership, and was due from said partnership. This was a proper set-off, to the extent of $230, as against an action to recover one-half of the cost of repairs, which was, in effect, an action by one partner to recover the defendant's proportionate part of the funds advanced by plaintiff to the partnership.

Clearly, if the principal debtor, Whitworth, pleaded, proved, and was allowed this set-off, the guarantor was entitled to this credit, even though he does not expressly plead his possible set-off. Plaintiff clearly cannot recover a judgment against the guarantor for a larger amount than she could recover against the principal debtor.

The judgment is therefore modified so that the amount of the set-off shall be reduced to $230, which sum should be deducted from the sum of $608.92 found due from the defendant to plaintiff, making the principal amount of the judgment $378.92, and the case is remanded, with instructions to the lower court to render its judgment accordingly.

The Supreme Court acknowledges the aid of Attorneys Jas. E. Bush, Chas. R. Bostick, and Villard Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bush and approved by Mr. Bostick and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.